UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY BOLES,

        Petitioner,         Case No. 12-cv-12045
v.        HONORABLE BERNARD A. FRIEDMAN

LLOYD RAPELJE,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS**

Anthony Boles, ("Petitioner"), presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se*, petitioner challenges his conviction for possession of cocaine, MICH. COMP. LAWS SERV. § 333.7403(2)(a)(v) (LexisNexis 2012); and his classification as a third felony habitual offender, MICH. COMP. LAWS SERV. § 769.11 (LexisNexis 2012).  For the reasons stated below, the petition for writ of habeas corpus is dismissed without prejudice.

I.    Background

Petitioner was convicted of the above offense following a jury trial in the Saginaw County Circuit Court.  Petitioner's conviction was affirmed on appeal. People v. Boles, No. 293592, 2011 Mich. App. LEXIS 66 (Mich. Ct. App. January 13, 2011); *perm. app. denied*, 489 Mich. 973, 799 N.W.2d 1 (2011).  Petitioner seeks a writ of habeas corpus on

1

the ground that his conviction was obtained as a result of the prosecution's failure to disclose evidence that was favorable to him.

**II.     Discussion**

The instant petition must be dismissed without prejudice, because petitioner, by his own admission, has yet to exhaust his claim with the state courts.

Prisoners seeking federal habeas relief must first exhaust their available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b-c); Picard v. Connor, 404 U.S. 270, 275-78 (1971).  In order to exhaust a claim for federal habeas review, petitioners must present their grounds for review to both state appellate courts, even where the state's highest court provides only discretionary review. See Regan v. Hoffner, 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002) *citing* O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Therefore, prisoners that are confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. Mohn v. Bock, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).  Ultimately, habeas petitioners have the burden of proving that they exhausted their state court remedies. See Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Here, the instant petition is subject to dismissal because petitioner failed to allege that he exhausted his state court remedies. See Peralta v. Leavitt, 56 F. App'x 534, 535 (2d Cir. 2003); see also Fast v. Wead, 509 F. Supp. 744, 746 (N.D. Ohio 1981).  In fact, petitioner acknowledges on the face of his petition that he did not exhaust his claim prior

to seeking habeas relief because he alleges that his appellate counsel failed to raise this issue on petitioner's direct appeal.[1] On page one of his attachment to the petition for writ of habeas corpus, petitioner states that the only issue raised on his direct appeal before the Michigan Court of Appeals was a claim that he was denied due process because of the undue delay between his arrest and the initiation of formal criminal charges. The Michigan Court of Appeals' opinion affirming petitioner's conviction, which petitioner has attached to his petition, corroborates his assertion that the due process claim was the only issue raised on his direct appeal.

    Nevertheless, an exception to the exhaustion requirement exists when there is no opportunity to obtain the requested relief in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain such relief. See Keener v. Ridenour, 594 F.2d 581, 584 (6th Cir. 1979); Sitto v. Bock, 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). Habeas petitioners have the burden of demonstrating one of these exceptions. Doty v. Lund, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999). Although petitioner contends that his appellate counsel failed to raise his due process claim on direct appeal, thereby foreclosing his ability to obtain the requested relief in state court, petitioner may still pursue his state court remedies by filing a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.500, *et. seq.* See Wagner v. Smith, 581 F. 3d 410, 419 (6th Cir. 2009); see also Mikko v. Davis, 342 F. Supp. 2d 643,

---

[1] See Petition for Writ of Habeas Corpus, p. 5, ¶ 13.

646 (E.D. Mich. 2004); see also See Gray v. Wingo, 391 F.2d 268, 269 (6th Cir. 1967); Booker v. Kelly, 636 F. Supp. 319, 321, n. 3 (W.D.N.Y. 1986). The court rules authorize state courts to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302; see Nasr v. Stegall, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust any claims that he would otherwise raise in his post-conviction motion. See e.g. Mohn v. Bock, 208 F. Supp. 2d at 800.

Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, see Rhines v. Weber, 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate because all of petitioner's claims are unexhausted and, thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claim in state court. See Bailey v. Roe, 135 F. App'x 100, 101 (9th Cir. 2005); Hust v. Costello, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004).

Additionally, there are no exceptional or unusual circumstances apparent from the record that warrant holding the instant petition for writ of habeas corpus in abeyance

pending the disposition of petitioner's post-conviction motion in state court. While the Michigan Supreme Court denied petitioner's application for leave to appeal on June 28, 2011, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) for filing habeas petitions did not commence on that day. Instead, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) began to run on the date that the 90-day time period for seeking certiorari with the United States Supreme Court expired. See Jimenez v. Quarterman, 555 U.S. 113, 119 (2009). Since petitioner did not seek a writ of certiorari with the United States Supreme Court, the judgment rendered against him became final, for the purpose of commencing the one-year limitations period, on September 26, 2011. See Bronaugh v. Ohio, 235 F.3d 280, 283 (6th Cir. 2000). Petitioner filed the instant petition with this Court on April 27, 2012, only after seven months elapsed on the one-year statute of limitations.[2]

Moreover, 28 U.S.C. § 2244(d)(2) expressly provides that the one-year statute of limitations is tolled during the pendency of any state post-conviction motion. Since the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his motion for state post-conviction relief. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. See Schroeder v. Renico, 156 F. Supp. 2d 838, 845-

---

[2] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on April 27, 2012, the date that it was signed and dated. See Fugate v. Booker, 321 F. Supp. 2d 857, 859, n. 2 (E.D. Mich. 2004).

846 (E.D. Mich. 2001).

The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). If a plain procedural bar is present and the district court correctly invokes such bar to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. Under such circumstances an appeal would not be warranted. Id.; see Colbert v. Tambi, 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2001).

Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus is dismissed without prejudice.

IT IS FURTHER ORDERED that a certificate of appealability and leave to appeal *in forma pauperis* are denied.

_____

Dated: July 9, 2012             _____s/Bernard A. Friedman_____
     Detroit, Michigan             BERNARD A. FRIEDMAN
                                          SENIOR UNITED STATES DISTRICT JUDGE